\* STATE OF LOUISIANA \* PARISH OF OUACHITA \*
FOURTH JUDICAL DISTRICT COURT

TRAVIS TOL BIRD, JR. AND LAURA  FILED: _____
TOLBIRD, INDIVIDUALLY AND AS OWNERS
OF UNDERWATER TREASURES, INC.,
UNDERWATER TREASURES, INC., AND
TRAVIS DYLAN TOLBIRD, III

> Ouachita Parish        C-20251169
> Filed Mar 31, 2025 8:46 AM    CV3
> Brittnie Cervantes
> Deputy Clerk of Court

VERSUS NO. _____           DEPUTY CLERK OF COURT

ATMOS ENERGY CORPORATION AND
ATMOS ENERGY SERVICES, LLC

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioners, TRAVIS TOL BIRD, JR. AND LAURA TOLBIRD, INDIVIDUALLY AND AS OWNERS OF UNDERWATER TREASURES, INC. AND TRAVIS DYLAN TOLBIRD, III, each a major domiciliary of the Parish of Jackson, State of Louisiana, AND UNDERWATER TREASURES, INC., a domestic Louisiana corporation, who respectfully represent the following:

1.

Made defendants herein are the following:

A. **ATMOS ENERGY CORPORATION**, believed to be a foreign corporation, authorized to do and doing business in the State of Louisiana, who at all pertinent times herein was the owner, distributor and/or provider of natural gas services and the owner of all natural gas pipes and/or pipelines involved herein and all other natural gas equipment of every nature and kind that is at, on or immediately in the area of and adjacent to the municipal address of 801 N. 7th Street, West Monroe, LA 71291, located in the Parish of Ouachita, State of Louisiana, and who at all pertinent times herein was responsible for, owned, and had legal guard of all natural gas pipes, distribution, vessels and/or pipelines, including those at or near said municipal address, and all corresponding equipment, as well as being solely responsible for servicing, maintaining, repairing, and inspecting all natural gas lines, pipelines, vessels and corresponding equipment in the area and in the vicinity of 801 N. 7th Street, Monroe, Louisiana at all pertinent times herein; and

B. **ATMOS ENERGY SERVICES, LLC**, believed to be a foreign limited liability company, authorized to do and doing business in the State of Louisiana, who at all pertinent times herein was the owner, distributor and/or provider of natural gas services and the owner of all natural gas pipes and/or pipelines involved herein and all other natural gas equipment of every nature and kind that is at, on or immediately in the area of and adjacent to the municipal address of 801 N. 7th Street, West Monroe, LA 71291, located in the Parish of Ouachita, State of Louisiana, and who at all pertinent times herein was responsible for, owned, and had legal guard of all natural gas pipes, distribution, vessels and/or pipelines, including those at or near said municipal address, and all corresponding equipment, as well as being solely responsible for servicing, maintaining, repairing, and inspecting all natural gas lines, pipelines, vessels and corresponding equipment in the area and in the vicinity of 801 N. 7th Street, Monroe, Louisiana at all pertinent times herein.



**Certified True and Correct Copy**
CertID: 2025033100207

*Chloé Ellington*
Ouachita Parish
Deputy Clerk Of Court

Generated Date:
3/31/2025 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**EXHIBIT A**

2.

Defendants ATMOS ENERGY CORPORATION and ATMOS ENERGY SERVICES, LLC (hereinafter referred to collectively as "Atmos") are liable unto petitioners, in solido and/or jointly and/or severally, for the following reasons, to-wit:

3.

For at least the past twenty (20) years, both Atmos defendants named herein, at all times acting through their respective representatives, agents and/or employees, were fully aware of at least two foreseeable risks associated with the use and dissemination of natural gas: the risk of ignition or explosion due to natural gas's highly flammable characteristics, and the risk of hazardous health risks to human beings after long-term exposure of natural gas.

4.

For at least the past twenty (20) years, both Atmos defendants, at all times acting through their respective representatives, agents and/or employees, were fully aware that the exposure to and inhalation of natural gas has the potential to be hazardous to and cause potential health risks to human beings.

5.

For at least the past twenty (20) years, both Atmos defendants, at all times acting through their respective representatives, agents and/or employees, were fully aware that long term exposure to and inhalation of natural gas by human beings is known to cause lasting cardiovascular, respiratory, and neurological problems, including but not limited to headaches, dizziness, fatigue, confusion, irregular breathing, chest pain, memory problems, blurred vision, nausea, confusion, and difficulty concentrating, and other adverse health effects to human beings.

6.

Petitioners show that natural gas is recognized jurisprudentially as an inherently dangerous instrumentality and that those who handle and distribute it, including both Atmos defendants, are charged with a heightened duty to exercise that degree of care commensurate with its dangerous character for the protection of the public, including Petitioners, from any foreseeable injury.


Certified True and Correct Copy
CertID: 2025033100207

Chloé Ellington
Ouachita Parish
Deputy Clerk Of Court

Generated Date:
3/31/2025 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

7.

As of April 1, 2024, Petitioners show that they were the owners and/or human operators of the business known Underwater Treasures, Inc. with a municipal address of 801 N. 7th Street, Monroe, Louisiana, and that they owned all premises associated with said address including the business building, corresponding parking lot, and the land upon which the business and parking lot sit.

8.

Petitioners show that, upon information and belief, for at least the ten (10) years prior to April 1, 2024, Underwater Treasures, Inc. with a municipal address of 801 N. 7th Street, Monroe, Louisiana was and is serviced with natural gas and by natural gas pipeline(s) provided, owned and distributed by both Atmos defendants, with one or more natural gas pipelines running at, near and/or adjacent to the Underwater Treasures, Inc. premises and running both under and through the business premises of Underwater Treasures, Inc. and its associated business parking lot.

9.

Petitioners show that over the course of some extended period of time, for at least three (3) years prior to April 1, 2024, the natural gas pipelines which were owned, possessed, provided by, serviced and maintained by both Atmos defendants and which provided and distributed natural gas to the municipal address of 801 N. 7th Street, Monroe, Louisiana were deteriorated, corroded, rotten, full of holes and fissures, had numerous leaks, had other extensive general corrosion of the subject pipe(s), and leaked natural gas into and onto the property, building, and/or structures of 801 N. 7th Street, West Monroe, LA, which was owned and/or operated by petitioners at all pertinent times herein and also on nearby, adjacent properties owned by others.

10.

Petitioners show that as a direct result of the said deteriorated, corroded, rotten pipe(s) that were full of holes and fissures, had numerous leaks, and had other extensive general corrosion of the subject pipe(s), noxious fumes and hazardous gas in the form of natural gas leaked onto the business property of 801 N. 7th Street, West Monroe, LA, and permeated throughout the business and its associated structures and premises.

**Certified True and Correct Copy**
CertID: 2025033100207



Ouachita Parish
Deputy Clerk Of Court

Generated Date:
3/31/2025 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

11.

Petitioners show that said natural gas vapors and fumes escaped into and onto and invaded the business property of Underwater Treasures, Inc. and were then released into the subject building, its structures and the surrounding environment through the air conditioning, floor drains, from underneath the parking lot of the said business, and by other means, thereby contaminating petitioners' property, building, and environment with noxious fumes, vapors, and hazardous gas in the form of natural gas in the air, which petitioners breathed in and inhaled on a frequent and periodic basis while on and inside the subject property and its associated building and structures.

12.

Petitioner Laura Tolbird shows that on or about April 23, 2024, she began experiencing several episodes of pulling and/or drooping on the left side of her face along with headaches and presented to St. Francis Medical Center for treatment and evaluation.

13.

Petitioner Laura Tolbird shows that, as of her April 23, 2024 hospital visit, she did not know and had no reason to know of the ongoing, hazardous natural gas leak she was being exposed to on a frequent and periodic basis as a direct result of the said deteriorated, corroded, rotten pipe(s) that were full of holes and fissures, had numerous leaks, and had other extensive general corrosion of the subject pipe(s), with the said natural gas pipelines being owned, possessed, provided by, maintained and serviced by both Atmos defendants at all pertinent times herein.

14.

Petitioner Laura Tolbird shows that in or around June 2024, she and her students at Underwater Treasures, Inc. first began smelling what they believed to be an odor or smell indicative of natural gas. Petitioner shows she called the emergency number of the Atmos defendants to report and verbally notify Atmos of what she believed to be a natural gas leak(s) on or near the property of Underwater Treasures, Inc.

15.

Petitioners show that thereafter, representatives, agents and/or employees of both Atmos defendants came to the business of Underwater Treasures, Inc., detected the presence of natural


**Certified True and Correct Copy**
CertID: 2025033100207

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
3/31/2025 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

gas in several places throughout the business premises and property, and required petitioners to close their business and evacuate said building and premises.

16.

Petitioners show that on or about June 14, 2024, petitioners received a document from both Atmos defendants which stated "It was necessary to interrupt your gas service for the following reason... Leak, Repairs. Special Instructions/Information: Call to have service restored. Clear to resume business."

17.

Petitioners show that, despite Laura Tolbird's report and verbal notification to both Atmos defendants in or around June 2024, and both Atmos defendants written assurance of June 14, 2024 that Underwater Treasures, Inc. and petitioners were "clear to resume business," the natural gas leak(s) was not properly remedied, fixed and/or corrected, and the natural gas leak thereafter continued into and onto petitioners business and property, causing petitioners additional prolonged exposure to noxious fumes and vapors of hazardous natural gas in the air, which petitioners breathed and inhaled for an extended period of time.

18.

Petitioners show that at various times throughout the summer of 2024, they continued to call the Atmos line to report and verbally notify both Atmos defendants of the ongoing smell of natural gas in and on their business premises.

19.

Upon information and belief, in or around August 9, 2024, Atmos returned to the business property of Underwater Treasures, Inc. and drilled approximately four (4) holes in the concrete parking lot of the business.

20.

Petitioners show that these actions by both Atmos defendants in or around August 9, 2024 were insufficient to actually fix, correct and/or remedy the ongoing natural gas leak(s) on or near the business premises of Underwater Treasures, Inc., and because the leak(s) was not properly fixed, both petitioners suffered additional prolonged exposure to noxious fumes, vapors and hazardous natural in the air that they breathed in and inhaled.


**Certified True and Correct Copy**
CertID: 2025033100207

Chloé Ellington
Ouachita Parish
Deputy Clerk Of Court

Generated Date:
3/31/2025 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

21.

Petitioners show that, despite both Atmos defendants attempts to correct the ongoing leak(s) in or around August 9, 2024, the natural gas leak(s) continued, prolonging each petitioners exposure to said noxious natural gas chemicals, vapors and fumes that were leaking into the air of the business they worked in, which they breathed in and inhaled over an extended and prolonged period of time.

22.

Petitioners show that sometime thereafter, upon information and belief in October 2024, representatives, agents and/or employees of both Atmos defendants again came to the premises of Underwater Treasures, Inc. and ultimately dug up the natural gas pipelines that ran in, around, alongside, adjacent to, and through the subject property.

23.

Petitioners show that, after said pipelines were dug up, petitioners could see that said pipelines were extremely deteriorated, corroded, rotten, full of holes and fissures, had numerous leaks, and had other extensive general corrosion of the subject pipe(s) which existed for such period of time that both Atmos defendants knew or should have known the condition of in the exercise of reasonable care.

24.

Petitioners show that, upon information and belief, it was not until either October or November 2024 that both Atmos defendants may have actually remedied, fixed and/or corrected the ongoing natural gas leak(s), despite having actual and/or constructive knowledge of the leak for a least the three (3) years prior, and certainly having actual notice of since June 2024 when Petitioner Laura Tolbird called the Atmos emergency phone line to report and verbally notify both Atmos defendants of the ongoing odor and/or smell indicative of natural gas in and around the business of Underwater Treasures, Inc.

25.

Petitioners show that, upon information and belief, unbeknownst to them, both Travis Tolbird and Laura Tolbird were frequently and periodically exposed to said natural gas leak(s) and said noxious, ultra-hazardous natural gas vapors and fumes while they were working at their business, Underwater Treasures, Inc., for an extended period of time, at a minimum from


Certified True and Correct Copy
CertID: 2025033100207

Chloé Ellington
Ouachita Parish
Deputy Clerk Of Court

Generated Date:
3/31/2025 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

approximately April 2024 through November 2024, which was for at least approximately six (6) to seven (7) months.

26.

Petitioners show that, upon information and belief, during the time period of approximately April 2024 through November 2024, petitioner Laura Tolbird was physically present on the business property of and/or in the building of Underwater Treasures, Inc. from at least Tuesday through Friday, each day from at least 10:30 a.m. through 5:30 p.m., and also periodically on Saturdays from approximately 9:00 a.m. through approximately 4:30 p.m. and periodically on Sundays for approximately three (3) hours, and was, upon information and belief, being continually exposed to said ongoing natural gas leak(s), noxious fumes, and hazardous vapors in the air at all times she was physically present on said property and/or premises.

27.

Petitioners show that, upon information and belief, during the time period of approximately April 2024 through November 2024, petitioner Travis Tolbird, Jr. was physically present on the business property of and/or in the building of Underwater Treasures, Inc. on a frequent and periodic basis, for at minimum of a few days per week and was, upon information and belief, being continually exposed to said ongoing natural gas leak(s), noxious fumes, and hazardous vapors in the air at all times he was physically present on said property and/or premises.

28.

Petitioners show that natural gas is recognized jurisprudentially as an inherently dangerous instrumentality and that those who handle and distribute it, including each Atmos defendant, are charged with a heightened duty to exercise that degree of care commensurate with its dangerous character for the protection of the public, including Petitioners, from any foreseeable injury, including the risk of adverse health effects after long term exposure and/or inhalation of natural gas.

29.

Petitioners further show that at all pertinent times herein, each Atmos defendant owed both Petitioners a duty to safely furnish natural gas to their property and premises, to periodically inspect all gas lines, pipelines and associated equipment, to discover any ongoing natural gas leaks through standard inspection procedures, and to maintain all gas lines and pipelines in good


Certified True and Correct Copy
CertID: 2025033100207

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
3/31/2025 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

working order, especially with regard to the service lines that lie close to residences and business establishments that can expose human beings to vapors of natural gas in the air, which can be detrimental to human health, yet both Atmos defendants breached each of the aforementioned duties at all pertinent times herein.

30.

Petitioners show that included within the aforementioned duties owed by each Atmos defendant is the duty to adopt reasonable methods of safeguarding against the escape of any dangerous instrumentality, that being the natural gas, and of discovering any natural gas leaks through standard inspection procedures.

31.

Petitioners show that said natural gas leak(s) existed for such a period of time which would reasonably permit discovery had the Atmos defendants adequately performed their duties and responsibilities, and that both Atmos defendants had ample opportunity to remedy, fix, and correct the dangerous condition well before it ever caused any harm to any petitioner, yet each Atmos defendant failed to do so.

32.

As a direct result of the negligence and actions and/or inactions of both Atmos defendants and her prolonged exposure to the noxious, ultra-hazardous natural gas fumes and vapors in the air, Petitioner, Laura Tolbird shows that she has sustained ongoing, serious, life altering injuries including but not limited to: involuntary movement of the muscles and bones around the mouth, mouth drooping, facial drooping, mouth twitching, loss of strength in her extremities, neurological deficits, changes in the motor functioning of her extremities, headaches, forgetfulness, brain fog, trouble thinking, focusing and concentrating, trouble multi-tasking, memory problems, cognitive issues, other neurologic symptomatology, stress, anxiety, and numerous other injuries, all of which have required petitioner to seek and undergo medical treatment for her respective injuries from various medical providers of her choice.

33.

As a direct result of the negligence and actions and/or inactions of both Atmos defendants and his prolonged exposure to the noxious, ultra-hazardous natural gas fumes and vapors in the air, Petitioner, Travis Tolbird, Jr. shows that he has sustained injuries including but not limited to dizziness, lightheadedness, stress, anxiety, and numerous other injuries, all of which have



**Certified True and Correct Copy**
CertID: 2025033100207

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
3/31/2025 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

required petitioner to seek and undergo medical treatment for his respective injuries from various medical providers of his choice.

34.

As a direct result of the negligence and actions and/or inactions of both Atmos defendants herein and the ongoing natural gas leak(s), the business of Underwater Treasures, Inc. located at 801 N. 7th Street, West Monroe, LA 71291, also bring claims herein against each Atmos defendant for business interruption, inconvenience, downtime, its parking lot, property, structures and business premises being closed, its parking lot and business premises being contaminated with noxious fumes and vapors in the form of natural gas, trespass of noxious gas and ultra-hazardous fumes, that being natural gas, into their property and onto their land, any and all property damages associated with defendant Atmos (at all times acting by and through their representatives, agents, and/or employees) drilling various holes in the parking lot of their business, digging up pipelines in and on the business premises, each Atmos defendant's failure to return the business of Underwater Treasures, Inc., and all associated premises, structures, and parking lot back to its original condition and/or pay reasonable property damages after repairs were made by each Atmos defendant herein.

35.

Petitioners show that the cause of the subject incident(s) and gas leak(s) as described herein were as a direct result of the fault, negligence, and carelessness of each of the Atmos defendants, acting at all times through their various employee(s), representative(s) and/or agent(s), in the following particulars:

a. Failing to make reasonable and periodic inspections of their pipelines and other instrumentalities in order to discover and remedy hazards and/or defects, including any type of leaks;
b. Failing to properly and periodically inspect and maintain all natural gas lines at, near and/or on the municipal address of 801 N. 7th Street, West Monroe, LA 71291;
c. Failing to detect the ongoing leak at, near or on the premises of 801 N. 7th Street, West Monroe, LA 71291 when the leak(s) were discoverable through standard inspection procedures well prior to petitioners suffering any exposure to the gas or any harm resulting therefrom;
d. Knowing or should have known of the holes, leak and extensive corrosion of the subject pipeline(s) but failing to timely take corrective action to repair or replace the faulty pipe(s);
e. Allowing their equipment, including their natural gas pipeline(s), to deteriorate, corrode, and rot to the point of allowing natural gas to escape into the surrounding environment, thereby causing an unreasonably dangerous condition and risk of harm to petitioners;
f. Allowing noxious and dangerous fumes and vapors of hazardous natural gas to escape, invade, and contaminate petitioners property, buildings, and structures, thereby exposing


Certified True and Correct Copy
CertID: 2025033100207

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
3/31/2025 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

petitioners to the dangers associated therewith and causing personal injuries to each human petitioner;

g. Improperly fixing and/or repairing the deteriorated, corroded, rotten pipeline(s) which were full of holes and fissures, had numerous leaks, and had other extensive general corrosion during the Atmos defendants June 2024 visit to the property of Underwater Treasures, Inc.;

h. Improperly fixing and/or repairing the deteriorated, corroded, rotten pipeline(s) which were full of holes and fissures, had numerous leaks, and had other extensive general corrosion during the Atmos defendants August 2024 visit to the property of Underwater Treasures, Inc.;

i. Improperly fixing and/or repairing the deteriorated, corroded, rotten pipeline(s) which were full of holes and fissures, had numerous leaks, and had other extensive, general corrosion after each of Petitioners phone calls and verbal notifications to the Atmos emergency line after smelling an odor indicative of natural gas;

j. Failing to make all necessary repairs to said natural gas pipelines after it knew or should have known of the ongoing leak(s);

k. Failing to make all necessary repairs to said natural gas pipelines after it knew or should have known of the condition of the pipeline(s) which were deteriorated, corroded, rotten pipeline(s) which were full of holes and fissures, had numerous leaks, and had other extensive general corrosion;

l. Failing to take appropriate measures to remedy and/or fix the natural gas leak and hazard before and/or after the unreasonable risk of harm was discovered;

m. Failing to keep the natural gas they distributed safe and properly contained and confined so as to not allow an unreasonably dangerous risk of exposure to petitioners;

n. Failing to exercise the degree of care commensurate to the danger involved as a distributor of natural gas, a dangerous agent;

o. Failing to timely, reasonably, properly and periodically inspect their pipeline(s) and all associated equipment to determine whether said line(s) posed an unreasonable risk of harm to petitioners;

p. Failing to keep all gas lines and associated pipes in good, safe working order free of any leaks and/or corrosion;

q. Having a natural gas inspection system that lacked the intensity and effectiveness commensurate with the highly dangerous character of natural gas;

r. Failing to properly and adequately inspect the ongoing leak with proper detection instruments and other equipment;

s. Failure of each Atmos defendant's meter reader to inspect for and/or watch for leaks as he traversed his route to read the gas meter located at Underwater Treasures, Inc. each month;

t. Knowing of an ongoing natural gas leak due to the discrepancy between the amount of gas put into their pipelines as compared to the amount of natural gas that was coming out through their meters and/or other equipment;

u. Failing to implement proper safety policies and procedures which would have prevented the natural gas pipes to corrode or deteriorate to the extent where they would decompose or leak at all;

v. Having actual and/or constructive notice of the ongoing, unreasonably dangerous and ultra-hazardous natural gas leak but failing to properly and promptly institute corrective action;

w. Having actual and/or constructive notice of the ongoing, unreasonably dangerous and ultra-hazardous natural gas leak but failing to properly and promptly institute corrective action;

x. Having actual and/or constructive notice of the condition of the deteriorated, corroded, rotten pipeline(s) which were full of holes and fissures, had numerous leaks, had other extensive general corrosion of the subject pipeline(s), but failing to properly and promptly institute corrective action;

y. Actually creating the ongoing, unreasonably dangerous and ultra-hazardous natural gas leak and having ample time to remedy, fix and/or warn of the unreasonably dangerous condition, yet failing to do so;

z. Failing to warn of the ongoing, unreasonably dangerous and ultra-hazardous natural gas leak;

aa. Failing to warn of the deteriorated, corroded, rotten pipe(s) which were full of holes and fissures, had numerous leaks, had other extensive general corrosion of the subject pipe(s) which leaked natural gas into and onto the property, presenting an unreasonably dangerous condition to all petitioners herein;



**Certified True and Correct Copy**
CertID: 2025033100207

Chloé Ellington
Ouachita Parish
Deputy Clerk Of Court

Generated Date:
3/31/2025 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

bb. Failing to act as a reasonable person under the then prevailing circumstances;
cc. Failing to return the subject business and its parking lot to proper working order after repairs were made;
dd. Wrongfully and/or fraudulently informing all petitioners herein that they were "clear to resume business" when the Atmos defendants knew or should have known that the natural gas leak was ongoing;
ee. Trespass of noxious gas and ultra-hazardous fumes, that being natural gas, into the business property, premises, parking lot and structures of Underwater Treasures, Inc.;
ff. Failing to comply with reasonable safety practices at all times herein;
gg. Reckless disregard for the safety of others; and
hh. Failing to provide a safe environment free from natural gas leaks for petitioners as well as for their business, Underwater Treasures, Inc.

36.

Upon information and belief, but unbeknownst to petitioners prior to June 2024, the subject natural gas leak(s) was ongoing, and petitioners show that each Atmos defendant herein owed continuing duties to all petitioners herein, yet each Atmos defendant continuously breached said duties by virtue of their unlawful acts and/or omissions thereby causing continuous harm to all petitioners herein which constitutes an ongoing, continuous tort under Louisiana law at all pertinent times herein, from at least June 2024 up and through the time the subject leak(s) was actually fixed, corrected and/or remedied.

37.

In addition to all allegations of fault and/or negligence as are well pled and described above, all plaintiffs herein specifically plead and invoke the doctrine of *res ipsa loquitor*, or "the thing speaks for itself", with reference to the subject allegations and against all named defendants herein, as plaintiffs show the subject leak(s) would not normally occur, absent negligence on the part of one or more of the named defendants.

38.

Petitioners show that the subject gas leak described herein and throughout occurred in the Parish of Ouachita, State of Louisiana and that Petitioners sustained their injuries in the Parish of Ouachita, State of Louisiana, therefore making venue proper in Ouachita Parish.

39.

As a result of the injuries sustained by Petitioners, Travis Tolbird, Jr., and Laura Tolbird show that they each have claims herein for the following elements of damages: past and future loss of enjoyment of life, past and future pain and suffering, past and future mental anguish and emotional distress, past and future medical expenses, past and future disability, past and future physical impairment, past and future loss of earnings and past and future loss of earning capacity, and past and future gratuitous medical care.


**Certified True and Correct Copy**
CertID: 2025033100207

*Chloé Ellington*
Ouachita Parish
Deputy Clerk Of Court

Generated Date:
3/31/2025 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

40.

At all pertinent times herein, Petitioners show Travis Tolbird, Jr. and Laura Tolbird were legally married to one another as husband and wife and that as a result of the personal injuries sustained by both Travis Tolbird, Jr. and by Laura Tolbird, the marital relationship between Laura Tolbird and Travis Tolbird, Jr. has been adversely and/or negatively affected, which gives rise herein to a claims for past and future loss of consortium damages for both petitioners.

41.

At all pertinent times herein, Petitioners Laura Tolbird and Travis Tolbird, Jr. show they bore one natural child issue of their marriage, Travis Dylan Tolbird, III, and that as a result of the personal injuries sustained by both Travis Tolbird, Jr. and by Laura Tolbird each of the parent-child relationships have been adversely affected and therefore Petitioners Laura Tolbert, Travis Tolbird, Jr. and Travis Dylan Tolbird, III each bring claims herein for past and future loss of consortium.

42.

Plaintiffs show that their damages and the amount in controversy herein exceeds the amount necessary to invoke federal diversity jurisdiction.

**WHEREFORE, PETITIONERS, TRAVIS TOLBIRD, JR. AND LAURA TOLBIRD, INDIVIDUALLY AND AS OWNERS OF UNDERWATER TREASURES, INC., UNDERWATER TREASURES, INC. AND TRAVIS DYLAN TOLBIRD, III,** pray that there be judgment rendered herein in their favor, in an amount reasonable in the premises, against defendants ATMOS ENERGY CORPORATION and ATMOS ENERGY SERVICES, LLC in solido and/or jointly and/or severally, in order for petitioners to be fully compensated for the injuries and damages sustained, for trial by jury on all issues, for any and all expert witness fees, for all costs of Court, for judicial interest from date of judicial demand until paid, and for any and all other full, general, and equitable relief as this Honorable court may deem fit to grant.

Certified True and Correct Copy
CertID: 2025033100207

*Chloé Ellington*
Ouachita Parish
Deputy Clerk Of Court

Generated Date:
3/31/2025 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Respectfully submitted,

**THE DOWNS LAW FIRM, A.P.C.**
4214 Sterlington Road
Monroe, Louisiana 71203
(318) 325-1677 – phone
(318) 605-4283 – fax

By: _____
**ROSS DOWNS, JR.**
Louisiana Bar No. 22340
ross@rossdownslaw.com
**EARL ROSS DOWNS, III**
Louisiana Bar No. 38528
earlross@rossdownslaw.com
**HAYDEN S. DOWNS**
Louisiana Bar No. 38529
hayden@rossdownslaw.com
**EMILY DOWNS**
Louisiana Bar No. 39163
emily@rossdownslaw.com

**SERVICE INSTRUCTIONS:**

**Atmos Energy Corporation**
*Through their Registered Agent*
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

**Atmos Energy Services, LLC**
*Through their Registered Agent*
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

**Certified True and Correct Copy**
CertID: 2025033100207

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
3/31/2025 10:16 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).