UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRAVIS TOLBIRD, JR. AND LAURA TOLBIRD, INDIV. AND AS OWNERS OF UNDERWATER TREASURES, INC., UNDERWATER TREASURES, INC. AND TRAVIS DYLAN TOLBIRD, III | * * * * * | CASE NO. 3:25-CV-00630<br><br>JUDGE TERRY A. DOUGHTY<br><br>MAG. JUDGE KAYLA D. MCCLUSKY |
| VERSUS | * * | |
| ATMOS ENERGY CORPORATION AND ATMOS ENERGY SERVICES, LLC | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>DEFENDANTS ATMOS ENERGY CORPORATION AND
ATMOS ENERGY SERVICES, LLC'S ANSWER TO
PLAINTIFFS' PETITION FOR DAMAGES</u>**

NOW INTO COURT, through undersigned counsel, come Defendants, Atmos Energy Corporation and Atmos Energy Services, LLC, (collectively, "Defendants") and in response to Plaintiffs' Petition for Damages, respectfully represent as follows:

I.

The allegations contained in Paragraph 1A of the Petition for Damages are admitted only with respect to Atmos Energy Corporation ("Atmos Energy") being a foreign corporation, authorized to do and doing business in the State of Louisiana. All other allegations are otherwise denied as stated.

II.

The allegations contained in Paragraph 1B of the Petition for Damages are admitted only with respect to Atmos Energy Services, LLC being a foreign limited liability company, authorized to do and doing business in the State of Louisiana. All other allegations are otherwise

denied as stated.

III.

The allegations contained in Paragraph 2 of the Petition for Damages are denied.

IV.

The allegations contained in Paragraphs 3, 4, and 5 of the Petition for Damages are denied as stated.

V.

The allegations contained in Paragraph 6 of the Petition for Damages contain legal conclusions and do not require an answer herein, but, in the abundance of caution, are denied as stated.

VI.

The allegations contained in Paragraphs 7 and 8 of the Petition for Damages are denied for lack of sufficient information upon which to base a belief.

VII.

The allegations contained in Paragraphs 9, 10, and 11 of the Petition for Damages are denied.

VIII.

The allegations contained in Paragraph 12 of the Petition for Damages are denied for lack of sufficient information upon which to base a belief.

IX.

The allegations contained in Paragraph 13 of the Petition for Damages are denied.

X.

The allegations contained in Paragraph 14 of the Petition for Damages are denied for lack of sufficient information upon which to base a belief.

XI.

The allegations contained in Paragraphs 15 and 16 of the Petition for Damages are denied as stated.

XII.

The allegations contained in Paragraph 17 of the Petition for Damages are denied.

XIII.

The allegations contained in Paragraphs 18 and 19 of the Petition for Damages are denied for lack of sufficient information upon which to base a belief and are otherwise denied as stated.

XIV.

The allegations contained in Paragraphs 20 and 21 of the Petition for Damages are denied.

XV.

The allegations contained in Paragraph 22 of the Petition for Damages are denied as stated.

XVI.

The allegations contained in Paragraphs 23 and 24 of the Petition for Damages are denied as stated. Further the allegations contained in Paragraphs 23 and 24 of the Petition Damages contain legal conclusions.

XVII.

The allegations contained in Paragraphs 25, 26, and 27 of the Petition for Damages are denied and are otherwise denied for lack of sufficient information upon which to base a belief.

XVIII.

The allegations contained in Paragraphs 28, 29, and 30 of the Petition for Damages contain legal conclusions and do not require an answer herein, but, in the abundance of caution, are denied as stated.

XIX.

The allegations contained in Paragraphs 31, 32, 33, 34, 35, 36, and 37 of the Petition for Damages are denied.

XX.

The allegations contained in Paragraph 38 of the Petition for Damages are denied for lack of sufficient information upon which to base a belief and are otherwise denied.

XXI.

The allegations contained in Paragraph 39 of the Petition for Damages are denied.

XXII.

The allegations contained in Paragraphs 40 and 41 are denied for lack of sufficient information upon which to base a belief and are otherwise denied.

XXIII.

The allegations contained in Paragraph 42 of the Petition for Damages contain legal conclusions and do not require an answer herein, but, in the abundance of caution, are denied as stated.

2117781.3

XXIV.

The allegations contained in the WHEREFORE paragraph of the Petition for Damages are denied.

**FIRST DEFENSE**

Plaintiffs' Petition for Damages fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

In the event that discovery reveals evidence of the fault of any Plaintiff, Defendants affirmatively plead that the fault of Plaintiff(s) was the substantial cause-in-fact of Plaintiffs' alleged damages and should operate to completely bar recovery herein, or, alternatively, reduce recovery on a comparative fault basis.

**THIRD DEFENSE**

In the event that discovery reveals evidence of the fault of any third party, Defendants affirmatively plead that the fault of the third party was a substantial cause-in-fact of Plaintiffs' alleged damages and should operate to completely bar recovery herein, or, alternatively, reduce recovery on a comparative fault basis.

**FOURTH DEFENSE**

In the event that discovery reveals evidence that Plaintiffs failed to mitigate any of their alleged damages, Defendants affirmatively plead that the failure to mitigate damages should operate to completely bar recovery herein, or, alternatively, reduce recovery on a comparative fault basis.

WHEREFORE, Defendants, Atmos Energy Corporation and Atmos Energy Services, LLC, pray that this, their Answer to plaintiffs' Petition for Damages be deemed good and sufficient, and after due proceedings had, there be judgment in their favor, dismissing plaintiffs' Petition for Damages at Plaintiffs' costs, or, alternatively, reducing recovery on a comparative fault basis.

Respectfully Submitted:

**PLAUCHÉ MASELLI PARKERSON, LLP**

*Matthew T. Habig*
G. BRUCE PARKERSON (#1118)
JAMES K. ORDENEAUX (#28179)
SCOTT H. MASON (#29329)
MATTHEW T. HABIG (#37707)
JACY A. SMITH (#40433)
701 Poydras St., Suite 3800
New Orleans, LA  70139
Tel: (504) 582-1142; Fax: (504) 582-1172
ATTORNEYS FOR ATMOS ENERGY CORPORATION AND ATMOS ENERGY SERVICES, LLC

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 14th day of May 2025, I have electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

*Matthew T. Habig*
Matthew T. Habig

2117781.3